IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JONATHAN F. RAMOS,<br><br>    Plaintiff,<br><br>  vs.<br><br>HOG SLAT, INC.,<br><br>    Defendant. | 8:23CV81<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jonathan F. Ramos ("Plaintiff") filed this case on March 3, 2023, and was given leave to proceed in forma pauperis. The Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and supplement, Filing No. 6, (collectively the "Complaint") pursuant to 28 U.S.C. § 1915(e)(2), and entered a Memorandum and Order on December 28, 2023, Filing No. 10, finding that the Complaint failed to state a claim upon which relief may be granted (hereinafter the "Initial Review Order"). The Court, on its own motion, gave Plaintiff leave to file an amended complaint to allege a claim under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117; 42 U.S.C. § 12182, upon which relief may be granted against Defendant Hog Slat, Inc. ("Defendant"). Plaintiff filed his Amended Complaint, Filing No. 11, on January 24, 2024. The Court now conducts a review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF AMENDED COMPLAINT**

As in his original Complaint, Plaintiff asserts employment discrimination claims against Defendant under the ADA for terminating his employment, failing to accommodate his disability, and subjecting him to unequal terms and conditions of

employment because he is deaf.  Filing No. 11 at 4.  Plaintiff again utilized the form Complaint for Employment Discrimination and, in the section provided for Plaintiff to allege the facts of his case, he wrote "add 1 page," *Id.*, which is a reference to the one-page handwritten attachment to his Amended Complaint, *Id*. at 7.  Liberally construed, Plaintiff appears to intend his Amended Complaint to supplement the allegations in his Complaint.  The Court, thus, will consider the Amended Complaint as supplemental to Plaintiff's Complaint.  *See* NECivR 15.1(b).  When so construed, Plaintiff's pleadings also assert an ADA claim for retaliation and claims under the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1104 and 48-1107.02.  *See* Filing No. 1 at 3–4.

The Court summarized Plaintiff's Complaint in the Initial Review Order and incorporates that summary here.  Filing No. 10 at 1–4.  In his Amended Complaint, Plaintiff alleges the following additional facts in support of his claims:

> [Defendant] Employer has hard to understand my English limited, they provided Spanish interpreter to talk me, I said I'm Deaf, my language ASL [American Sign Language] different [than] English.  I gave information Nebraska Deaf Commission Deaf/Hard of hearing.  HR Greg reject, force use English.

Filing No. 11 at 7.  As Plaintiff explains,

> ASL is a complete and complex language distinct from English, with its own vocabulary and rules for grammar and syntax—it is not simply English in hand signals. ASL has no written component. For several reasons, including early language deprivation, many deaf people have a very limited ability to read and write in English.

*Id*. (quoting *Nat'l Ass'n of the Deaf v. Trump*, No. 20CV2107, 2020 WL 4452083 (D.D.C. Aug. 3, 2020)).

Plaintiff further alleges Greg in HR, his Supervisor Jennifer, Manager Tony, and Defendant's Headquarters rejected his request for an ASL interpreter.  *Id*.  Liberally

2

construed, Plaintiff alleges he reported a broken and out of order machine, and his Supervisor Jennifer gave him a false, poor performance review apparently due to the machine breakdown. Id. Thereafter, Plaintiff gave two-weeks' notice of his resignation "due [to] no access" to ASL interpreter services, though "Spanish service provided daily," but Plaintiff was instead terminated early. Id.; see also Filing No. 1 at 9.

Plaintiff requests the "same" relief as in his Complaint, i.e. monetary damages and appropriate training on deaf culture for Defendant's employees. Id. at 5; see also Filing No. 1 at 6–7.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

In the Initial Review Order, the Court set out the standards and elements governing Plaintiff's claims under the ADA and will not repeat that discussion here. *See* Filing No. 10 at 5–11. Instead, Plaintiff's Complaint and Amended Complaint will be evaluated in light of the Court's prior discussion.

Keeping in mind the liberal construction due pro se complaints, the lesser pleading standard to which pro se litigants are held, and the fact that Plaintiff's Complaints were written in what is not Plaintiff's primary language, the Court concludes that Plaintiff has alleged plausible claims under the ADA for discrimination, failure to accommodate, and retaliation, as well as companion claims under the NFEPA, Neb. Rev. Stat. §§ 48-1104 and 48-1107.02. *Helvering v. Union Pacific RR. Co.*, 703 N.W.2d 134 (Neb. Ct. App. 2005) (NFEPA is patterned after the ADA, and it is appropriate to

look to federal court decisions construing similar and parent federal legislation). Though not directly stated, but when read liberally, Plaintiff's allegations imply a connection between Defendant's refusal to use an ASL interpreter, his supervisor's expressed wish that Plaintiff's employment end sooner than his two-weeks' notice, the machine breakdown and accompanying false, poor performance review by Plaintiff's supervisor, and Plaintiff's termination. Filing No. 1 at 9; Filing No. 11 at 7. Plaintiff also alleges that Defendant refused to provide him an ASL interpreter on the floor, even though Spanish interpretation services were provided daily. Filing No. 11 at 7. At this early stage, the Court finds such allegations are sufficient to proceed.

### IV. PENDING MOTION TO APPOINT COUNSEL

Plaintiff also has renewed his request for the appointment of counsel. Filing No. 13. As the Court previously explained, "[t]here is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. Though Plaintiff's English writing abilities are

limited, Plaintiff has filed other cases in this Court in which he has provided sufficient information for the Court to discern his claims and the facts to support them, at least in the early stages of litigation. See Ramos v. Tyson Fresh Meats, Inc., 8:20-cv-00375-JMG-MDN (Filing Nos. 1, 10, & 12); Ramos v. Valmont Industries, Inc. et al., 8:18-cv-00313-RGK-PRSE (Filing Nos. 1, 12, & 27). Thus, the Court concludes Plaintiff is capable of representing himself at least through the early stages of pretrial discovery and motion practice, and Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993).

## V. CONCLUSION

In light of the foregoing, the Court will allow this action to proceed to service of process. The Court cautions Plaintiff that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them. Accordingly,

IT IS THEREFORE ORDERED that:

1. The Court will consider Plaintiff's Amended Complaint, Filing No. 11, as supplemental to the original Complaint, Filing No. 1; Filing No. 6, and the operative pleading in this case consists of Filing No. 1, Filing No. 6, and Filing No. 11.

2. The Clerk of the Court is directed to amend the docket text for Filing No. 11 to read "SUPPLEMENTAL COMPLAINT."

3.  This case shall proceed to service of process as to Plaintiff's claims under the Americans With Disabilities Act for discrimination, failure to accommodate, and retaliation, as well as companion claims under the Nebraska Fair Employment Practice Act.

4.  The Clerk of the Court is directed to complete and issue two summonses for **Defendant Hog Slat, Inc.** at the following addresses**: 14494 Co. Rd. X, Columbus, NE 68601,** and **206 Fayetteville St., Newton Grove, NC 28366**.  The Clerk of the Court is further directed to deliver the summonses, the necessary USM-285 Forms, copies of Plaintiff's operative Complaint, Filing No. 1, Filing No. 6, and Filing No. 11, the Court's Initial Review Order, Filing No. 10, and this Memorandum and Order to the Marshals Service for service of process on Defendant Hog Slat, Inc.[1]  Service may be accomplished by using any of the following methods: personal, residence, certified mail, or designated delivery service.  *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

5.  The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

6.  Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

7

7.	The Clerk of Court is directed to set a case management deadline using the following text: **May 12, 2025**: deadline for service of process.

8.	Plaintiff's motion for the appointment of counsel, Filing No. 13, is denied without prejudice to reassertion.

9.	Because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket at the direction of the Court. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 10th day of February, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

8