# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JONATHAN F. RAMOS,**<br><br>                    **Plaintiff,**<br><br>    vs.<br><br>**HOG SLAT, INC.,**<br><br>                    **Defendant.** | 8:23CV81<br><br>ORDER |

This matter is before the Court on the motion filed by the pro se plaintiff, Jonathan F. Ramos, asking the Court to appoint him an attorney. (Filing No. 32). Although the Court previously contemplated that the defendant may file a response opposing such a request by the plaintiff, see Filing No. 30, after review, the Court finds Plaintiff's request for counsel should be granted without further delay.

On March 3, 2023, Plaintiff filed the Complaint in this matter pro se. (Filing No. 1). After review of his Application to Proceed Without Prepaying Fees or Costs (Filing No. 2), the Court granted Plaintiff leave to proceed in forma pauperis. (Filing No. 5). The Court conducted an initial review of Plaintiff's Complaint on December 28, 2023, dismissing one of his claims and directing him to file an amended complaint. (Filing No. 10). Plaintiff filed an amended complaint (Filing No. 11), which the Court construed as a supplement to his original complaint. On February 10, 2025, the Court conducted an initial review pursuant to 28 U.S.C. § 1915(e)(2), and permitted this case to proceed to service of process as to Plaintiff's claims under the Americans With Disabilities Act for discrimination, failure to accommodate, and retaliation, as well as companion claims under the Nebraska Fair Employment Practice Act. (Filing No. 14). The Court denied Plaintiff's original request for appointment of counsel because "Plaintiff has filed other cases in this Court in which he has provided sufficient information for the Court to discern his claims and the facts to support them, at least in the early stages of litigation;" however, the Court noted it will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." (Filing No. 14 at p. 6).

The case proceeded to service of process, and on March 3, 2025, Defendant filed an answer to Plaintiff's pleadings. (Filing No. 17). The Court entered a Case Progression Order on March 5, 2025, permitting the parties to commence discovery and setting case deadlines, including a deadline "for serving

initial mandatory disclosures under Rule 26(a)(1)." (Filing No. 19).

The case has been fraught with difficulties ever since. Plaintiff filed a motion on June 27, 2025, asking for an extension of case deadlines, and representing defense counsel did not oppose the motion. (Filing No. 24). Defense counsel filed a declaration stating he did in fact oppose an extension, and that he was not consulted before Plaintiff filed the motion. (Filing No. 26). Plaintiff filed a document explaining he has difficulties and a limited ability translating American Sign Language into written English, causing the misunderstanding in his motion. (Filing No. 29). On August 14, 2025, the Court held a status conference with Plaintiff and counsel for Defendant to discuss the status of the case, facilitated by an American Sign Language Interpreter. During the conference, Plaintiff explained he had tried to find an attorney, but they all required a payment upfront that he could not afford. Plaintiff also repeatedly asked the Court and opposing counsel for assistance in directing him to where the various forms and Rules are located, and did not appear to understand what the Court meant by "Rule 26 disclosures" or other written discovery issues. Plaintiff believed he had responded to Defendant's written discovery, but Defense counsel represented it was inadequate. In an apparent attempt to comply with the Court's direction to serve initial disclosures under Rule 26(a), on August 25, 2025, Plaintiff filed a Rule 26(f) report prepared only by him. Defense counsel emailed the Court to clarify he did not assist in preparing that document, and Plaintiff responded that he was trying to comply with the Rule 26 disclosures requirement. See Emails to the Court, attached.

Plaintiff has again asked for the appointment of counsel. (Filing No. 32). "While indigent civil litigants have no constitutional or statutory right to appointed counsel, district courts may appoint counsel after considering, among other factors, the factual and legal complexity of a case, the litigant's ability to investigate and present the claims, and the presence of conflicting evidence." *Smith v. Walker*, No. 23-3579, 2025 WL 2170323, at *2 (8th Cir. July 31, 2025) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). "Additional factors include whether an indigent plaintiff has stated a colorable claim, and whether the court would benefit from assistance of counsel." *Id.* (citing *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir. 1986)). "In ruling on a request for counsel, the district court must exercise 'a reasoned and well-informed discretion' and seriously consider appointing counsel 'whenever an indigent plaintiff establishes in his or her pleadings a prima facie case which, if proven, would entitle him or her to relief.'" *Id.* (quoting *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986)).

After careful consideration of the record, developments in this case since the Court's first order denying Plaintiff's request for counsel, and Plaintiff's statements and conduct to date, the Court concludes that Plaintiff and the Court would benefit from the appointment of counsel at this stage. See *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011) (A district court may "recruit counsel for an indigent person in appropriate circumstances," 28 U.S.C. § 1915(e)(1), and "[t]he court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants."). The Court found Plaintiff has colorable claims after initial review, Defendant filed an answer to Plaintiff's pleadings, and Plaintiff appears willing to participate in his case and has been attempting to comply with the Court's orders and his obligations under the Rules, however, it has become apparent to the Court that he is will be unable to do so without the assistance of counsel. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's motion to the extent it requests appointment of counsel (Filing No. 32) is granted.
2. With thanks for accepting the appointment, Abby K. Osborn and the law firm of Shiffermiller Law Firm are hereby appointed to represent Plaintiff Johnathan F. Ramos in this matter.[1] Ms. Osborn, and/or any other counsel from the law firm of Shiffermiller Law Firm are directed to promptly enter their appearance as counsel in this case.
3. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Shiffermiller Law Firm.
4. A second and last installment of $1,000 shall become due and payable to the Shiffermiller Law Firm upon the entry of judgment or other closing documents in the case.
5. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. See also NEGenR 1.7(g) and NECivR 54.3-54.4.
6. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that

---

[1] Pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

7. Counsel for Plaintiff is appointed to assist Plaintiff with discovery and through trial, if this case proceeds to trial. The appointment will not extend to any appeal after trial.

8. The status conference currently set on September 5, 2025, is cancelled. Upon Ms. Osborn's entry of an appearance in this case, counsel shall meet and confer, and on or before **September 23, 2025,** shall jointly file a Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms, setting forth new deadlines for progression of this case.

Dated this 28th day of August, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge